MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-1579
Facsimile Nos. (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARY SMITH, as Administrator of the Estate of
Terrence Smith and MARY SMITH,
individually,                                    **ECF CASE**

              Plaintiffs,           <u>ANSWER</u>

              v.                   08 Civ 3836  (JGK)(DFE)

UNITED STATES OF AMERICA, YOUNG SIK
KHO, M.D., and DINESH K. GARG, M.D.

             Defendants.
------------------------------------------------------------ x

      Defendants United States of America, Young Sik Kho, M.D., and Dinesh K. Garg, M.D., by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Complaint of plaintiffs Mary Smith, as Administrator of the Estate of Terrance Smith, and Mary Smith, individually, ("plaintiffs") as follows:

      1.    Paragraph 1 of the complaint contains plaintiffs' characterization of this action and conclusions of law to which no response is required.

      2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

      3.    Admit the allegations in paragraph 3 of the complaint.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5.  Deny the allegations in paragraph 5 of the complaint, except admit that plaintiffs filed an administrative tort claim with the United States Department of Veterans Affairs on February 13, 2007 and such claim was denied on October 29, 2007.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7.  Deny the allegations in paragraph 7 of the complaint, except admit that the Bronx V.A. Medical Center is administered by the United States Department of Veterans Affairs, which is a department of defendant United States of America.

8.  Deny the allegations in paragraph 8 of the complaint, except admit that the decedent Terrence Smith (the "decedent") was treated at the Bronx V.A. Medical Center at various times prior to November 29, 2002, and up through but not after June 23, 2005.

9.  Admit the allegations in paragraph 9 of the complaint.

10. Deny the allegations in paragraph 10 of the complaint.

11. Deny the allegations in paragraph 11 of the complaint.

12. Admit the allegations in paragraph 12 of the complaint, except deny that Dr. Young Sik Kho, MD ("Kho") is a proper defendant in this action.

13. Admit the allegations in paragraph 13 of the complaint, except deny that Kho is a proper defendant in this action.

14. Admit the allegations in paragraph 14 of the complaint, except deny that Kho is a proper defendant in this action.

15. Admit the allegations in paragraph 15 of the complaint, except deny that Kho is a proper defendant in this action.

16. Deny the allegations in paragraph 16 of the complaint.

17. Deny the allegations in paragraph 17 of the complaint, except aver that Kho reviewed the x-rays taken of the decedent on November 29, 2002 and May 3, 2005.

18. Admit the allegations in paragraph 18 of the complaint, except deny that Kho is a proper defendant in this action.

19. Admit the allegations in paragraph 19 of the complaint, except deny that Kho is a proper defendant in this action.

20. Admit the allegations in paragraph 20 of the complaint, except deny that Dinesh K. Garg, M.D. ("Garg") is a proper defendant in this action.

21. Deny the allegations in paragraph 21 of the complaint.

22. Admit the allegations in paragraph 22 of the complaint, except deny that Garg is a proper defendant in this action.

23. Admit the allegations in paragraph 23 of the complaint, except deny that Garg is a proper defendant in this action.

24. Admit the allegations in paragraph 24 of the complaint, except deny that Garg is a proper defendant in this action.

25. Deny the allegations in paragraph 25 of the complaint, except aver that Garg rendered medical treatment to the decedent on two occasions: November 29, 2002, and May 13, 2005.

26. Admit the allegations in paragraph 26 of the complaint, except deny that Garg is a proper defendant in this action.

27. Admit the allegations in paragraph 27 of the complaint, except deny that Garg is a proper defendant in this action.

28. Admit the allegations in paragraph 28 of the complaint.

29. Deny the allegations in paragraph 29 of the complaint.

30. Deny the allegations in paragraph 30 of the complaint.

31. Deny the allegations in paragraph 31 of the complaint.

32. Repeats and realleges the defendants' responses to the allegations in paragraphs 1 through 31 of the complaint as though fully set forth in this paragraph.

33. Deny the allegations in paragraph 33 of the complaint.

34. Deny the allegations in paragraph 34 of the complaint.

35. Deny the allegations in paragraph 35 of the complaint.

36. Deny the allegations in paragraph 36 of the complaint.

37. Deny the allegations in paragraph 37 of the complaint.

38. Repeats and realleges the defendants' responses to the allegations in paragraphs 1 through 37 of the complaint as though fully set forth in this paragraph.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint.

41. Deny the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint.

43. The allegations in the unnumbered paragraphs following paragraph 42 of the complaint and commencing with the word "WHEREFORE" state plaintiffs' request for relief, to which no response is required. To the extent a response is required, deny that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## FIRST DEFENSE

44. The United States of America ("United States") is the only proper defendant in an action brought under the Federal Tort Claims Act. See 28 U.S.C. § 2679(b)(1).

## SECOND DEFENSE

45. Any injuries sustained by the decedent were sustained without any negligence or fault or want of due care by the United States.

## THIRD DEFENSE

46. The injuries or damages, or both, alleged in the complaint were not proximately caused by any negligent act or omission of the United States or any employee or agent of the United States acting within the scope and course of employment.

## FOURTH DEFENSE

47. The injuries and damages alleged in the complaint were caused in whole or in part by the culpable conduct of others, known or unknown, over whom the United States exercised no control, and any recovery must be proportionately reduced.

## FIFTH DEFENSE

48. Plaintiffs' recovery in this action, if any, is limited to the amount stated in their administrative claim. 28 U.S.C. § 2675(b).

## SIXTH DEFENSE

49. Recovery, if any, is limited by New York's statute on the liability of persons jointly liable. N.Y. C.P.L.R. 1601(1).

## SEVENTH DEFENSE

50. Recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. C.P.L.R. 4545(c).

## EIGHTH DEFENSE

51. In the event the United States is found to be negligent, which negligence the United States denies, to the extent that any negligence or other culpable conduct of the decedent contributed to causing any injuries, any recovery must be proportionately reduced. See N.Y. C.P.L.R. 1411.

## NINTH DEFENSE

52. The provisions of N.Y. Pub. Health Law § 2805-d(4) provide the United States a defense with respect to the cause of action based on informed consent.

## TENTH DEFENSE

54. Plaintiffs are not entitled to a jury trial. 28 U.S.C. § 2402.

## ELEVENTH DEFENSE

55. The United States is not liable for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674.

## TWELFTH DEFENSE

56. Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C. § 2412, and to the extent attorney's fees are paid out of the judgment, they may only be paid in

accordance with 28 U.S.C. § 2678.

## THIRTEENTH DEFENSE

57.     This action is subject to, and limited by, all of the provisions of the Federal Tort Claims Act, including any not specifically identified in this Answer. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

WHEREFORE, the United States demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:      New York, New York
            June 27, 2008

>                               MICHAEL J. GARCIA
>                               United States Attorney for the
>                               Southern District of New York,
>                               Attorney for Defendants
>
>                       By:     /s/  Emily E. Daughtry
>                               EMILY E. DAUGHTRY
>                               Special Assistant United States Attorney
>                               86 Chambers Street, Third Floor
>                               New York, New York 10007
>                               Telephone Nos. (212) 637-1579
>                               Facsimile Nos. (212) 637-2717
>                               E-mail: emily.daughtry@usdoj.gov

TO:     STEPHEN JENKINS, ESQ.
        QUELLER, FISHER, DIENST, SERRINS, WASHOR & KOOL, LLP
        233 Broadway, 18th Floor
        New York, New York 10279
        *ATTORNEY FOR PLAINTIFFS*